UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11765-GAO

DEROSA LANDFILL MANAGEMENT, INC., for itself and derivatively on behalf of
INTEGRATED PAPER RECYCLERS, L.L.C.,
Plaintiff,

v.

THE NEWARK GROUP, INC.,
Defendant.

OPINION AND ORDER
March 13, 2014

O'TOOLE, D.J.

DeRosa Landfill Management ("DeRosa") brought suit in Suffolk Superior Court on behalf of itself and Integrated Paper Recyclers, L.L.C., against The Newark Group ("Newark"). Newark removed the case to this Court based on the amount in controversy and the diversity of the parties. 28 U.S.C. § 1332. DeRosa has moved to remand the case, arguing the absence of complete diversity of citizenship.

DeRosa is a Massachusetts corporation with its usual place of business in Woburn, Massachusetts. Newark is a New Jersey Corporation with its principal place of business in Cranford, New Jersey. In 2001, Newark and DeRosa entered into a Limited Liability Company Agreement which created Integrated Paper Recyclers, L.L.C. ("Integrated"), intending to conduct a long-term business relationship. Integrated is a Delaware limited liability company with its principal place of business in Woburn, Massachusetts. DeRosa and Newark are the only members of Integrated, each owning a 50% interest. After its formation, Integrated entered into written contracts with each of its members: a Supervisory Agreement with DeRosa and a

Services Agreement with Newark. In this action, DeRosa claims on behalf of both itself and Integrated that Newark has breached its obligations under the latter contract.

Since DeRosa purports to assert claims derivatively on behalf of the limited liability company, it apparently chose to describe Integrated in the complaint as a "nominal" party. Newark seizes upon that characterization as a "judicial admission" to argue that DeRosa now cannot be heard to say that Integrated's citizenship must be accounted for in determining whether this Court has jurisdiction under 28 U.S.C. § 1332. Be that as it may, the Court has an independent duty to assure itself of subject matter jurisdiction, so what a party may concede is irrelevant to the question. The contract sought to be enforced is a contract directly between Integrated and Newark, and Integrated is a real party in interest in that controversy.

It is clear that in this Circuit, a corporation is an indispensable party to a derivative action on its behalf. Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005). While there does not appear to be a Circuit precedent directly in point, there is no reason to think the principle would be any different concerning a limited liability company.

It is also clear in this Circuit that for the purposes of determining whether diversity jurisdiction exists, the citizenship of a limited liability company is determined by the citizenship of all its members. Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). Integrated, therefore, is to be regarded as a citizen of both Massachusetts and New Jersey. Regardless of whether it is properly characterized as a plaintiff or a defendant, its presence as a non-nominal party destroys diversity and deprives this Court of jurisdiction.

On the whole, Newark might rather that this case were in Philadelphia, where it might have the benefit of what it regards as favorable Third Circuit law. It seeks to place a good deal of hope in HB Geneal Corp. v. Manchester Ptrs, L.P., 95 F.3d 1185 (3rd Cir. 1996). But that case is

neither controlling nor persuasive in the present context. The question there was whether a potentially diversity-destroying limited partnership should be added to an existing suit as an indispensable party under Federal Rule of Civil Procedure 19. That question raised the subsidiary question whether such a joinder would be "feasible" without destroying what was an existing valid basis for federal jurisdiction. That is a very different question from the one framed in the present case, which is whether the common citizenship between Integrated, as a real party plaintiff, and Newark forecloses federal diversity jurisdiction. The answer to that proper question is clearly affirmative.

The motion to remand (dkt. no. 11) is GRANTED, and the action is REMANDED to the state court.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge